```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SECURITIES AND EXCHANGE COMMISSION,      :
                          Plaintiff,    :
                                        :
               -v-                      :
                                        :
MILAN CAPITAL GROUP, INC., et al.       :
                          Defendants.   :
                                        :   00 Civ. 108 (DLC)
----------------------------------------:
                                        :   MEMORANDUM OPINION
AARON R. MARCU, as Receiver for MILAN   :        AND ORDER
CAPITAL GROUP, INC.,                    :
                          Cross-Claim   :
                          Plaintiff,    :
                                        :
               -v-                      :
                                        :
IRA A. MONAS, et al.,                   :
                          Cross-Claim   :
                          Defendants.   :
                                        :
----------------------------------------X
```

APPEARANCES

For the Plaintiff:

Michael J. Roessner
Securities and Exchange Commission
100 F. Street, N.E., Mail Stop 5275
Washington, DC 20549


For the Defendant:

James P. Sammon
Dubyak Connick Sammon Thompson & Bloom LLC
3401 Enterprise Parkway, Suite 205
Cleveland, OH 44122

DENISE COTE, District Judge:

Through an Order of August 14, 2001, Jason Cope ("Cope") and other defendants in this securities fraud action brought by the Securities and Exchange Commission ("SEC") were found to be jointly and severally liable for $8,370,680 in disgorgement of illicit profits, $1,024,386.67 in prejudgment interest, and $854,316.61 in fees and costs to the Receiver, for a total of $10,249,383.28.  Cope and another defendant were also found to be jointly and severally liable for a statutory penalty of $10,000,000.  SEC v. Milan Capital Group, Inc., et al., No. 00 Civ. 108 (DLC), 2001 WL 921169 (S.D.N.Y. Aug. 14, 2001).  As per the terms of the final judgment entered against him on August 15, 2001, Cope was required to pay $20,249,383.28, plus post-judgment interest, within 30 days of the entry of judgment, i.e., by September 14, 2001.

On October 9, 2013, the SEC moved to hold Cope in civil contempt.  The SEC asserts that the outstanding balance on the judgment against Cope is $22,916,312.90, with the balance due on the disgorgement portion being $7,808,261.75, plus post-judgment interest as of August 29, 2013.

As described in an Opinion of August 14, 2001, the Receiver in this action determined that the defendants took in at least $8,370,680 from approximately 200 investors for the purchase of shares in certain initial public offerings.  Id.  Cope had played

2

a central role in the fraud.  He personally solicited customers and was responsible for the supervision of the other brokers offering the aforementioned shares.  SEC v. Milan Capital Group, Inc., et al., No. 00 Civ. 108 (DLC), 2000 WL 1682761 (S.D.N.Y. Nov. 9, 2000).

Cope has made limited payments to date.  On April 10, 2000, Cope paid $42,935.77.  On May 31, Cope agreed to transfer the $22,531 in his Citibank account, which had been frozen by the Court, to the Receiver.  In September 2006, when the SEC sent Cope a demand letter stating that the amount due on his outstanding judgment was approximately $15.3 million, Cope made no payment.  Then, in May 2013, after the SEC took discovery and advised Cope that it would be filing this motion for contempt, Cope paid the SEC $20,000.

Cope appears to have significant assets.  In May 2010, he purchased his present home for $1,049,900, of which $632,900 was paid in cash.  On his mortgage application for the balance of $417,000, Cope denied the existence of any judgment against him, disclosed assets of over $2.2 million, and reported his net worth as approximately $1.8 million.  Another mortgage application in September 2010 disclosed assets of $8.5 million, reported his net worth as approximately the same, and again denied the existence of the judgment against him.  In 2011, Cope pledged to donate $1

million to Kent State University's men's basketball and golf teams.

In his opposition to the motion, Cope discloses that he is engaged in the practice of business development, acting as the financier of small businesses, and owns and manages two golf courses.  He admits that he is liable to pay the judgment, but questions how much remains outstanding on the judgment, contends that he has negative net worth, and adds that he has retained counsel to arrive at a "reasonable" solution.  While Cope contends that he has never been able to satisfy the entire judgment, he does not argue that he has made all of the payments towards satisfying the judgment that he is capable of making. See Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995) (holding that a "a party's complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions is a defense to a charge of civil contempt" but that the burden of production lies on the alleged contemnor and that "the alleged contemnor's burden is to establish his inability clearly, plainly, and unmistakably").

Cope has moved for an accounting of the amount collected toward the judgment.  The SEC does not oppose providing an accounting.  While the SEC believes that it has already provided sufficient documentation to account for the balance due on Cope's

4

judgment, it is willing to provide informally any additional documentation that Cope desires. It is hereby

ORDERED that a civil contempt hearing will be held, on February 14, 2014 at 10 a.m., in Courtroom 15B.

IT IS FURTHER ORDERED that this matter is referred to Magistrate Judge James C. Francis for supervision of expedited discovery of Cope and for a settlement conference. The parties shall contact the chambers of Magistrate Judge Francis no later than December 13, 2013 to set a schedule for expedited discovery and settlement.

SO ORDERED:

Dated:   New York, New York
         December 10, 2013

_____
DENISE COTE
United States District Judge